NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDITH MARTE,<br><br>Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, et al.,<br><br>Defendants. | Civil Action No.: 2:15-0869 (CCC)<br><br><br>OPINION |

**CECCHI, District Judge.**

## I.   INTRODUCTION

This matter comes before the Court on the motion of Defendants Deutsche Bank National Trust Company, as Trustee for Securitized Trust Rali Series 2007-QO2 Trust ("Deutsche Bank"), and Mortgage Electronic Registration Systems ("MERS") (collectively, "Defendants")[1] to dismiss the Complaint of pro se plaintiff Edith Marte ("Plaintiff"). ECF No. 12.

## II.   BACKGROUND

On August 25, 2006, Plaintiff, along with another individual not a party to this action, executed a mortgage on a property located at 123 First Street, Perth Amboy, New Jersey 08861 (the "Mortgage").  See Certification of Laurence P. Chirch ("Chirch Cert."), ECF No. 12-2, Ex. B.[2]  The Mortgage named MERS as trustee of the mortgage.  Complaint ("Compl"), ECF No. 1,

---

[1] Defendant Residential Funding Company, LLC, has been administratively terminated from this action. See ECF No. 19.

[2] On a motion to dismiss, the Court may consider the allegations in the complaint, any exhibits attached to the complaint, matters of public record, and undisputedly authentic documents upon which the plaintiff's complaint is based.  Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).  A document satisfies the latter category

¶ 29.    Subsequently, MERS assigned Plaintiff's Mortgage to Aurora Loan Services, LLC ("Aurora"). <u>See</u> Chirch Cert. Ex. C. Aurora then assigned the Mortgage to Nationstar Mortgage, LLC ("Nationstar"). <u>See</u> <u>id.</u> Ex. D. Finally, Nationstar assigned the Mortgage to Defendant Deutsche Bank. <u>See</u> <u>id.</u> Ex. E.

Plaintiff ultimately defaulted on the Mortgage, and on or around August 22, 2014, Deutsche Bank instituted foreclosure proceedings against Plaintiff and other owners of the subject property in the Superior Court of New Jersey, Chancery Division (the "Foreclosure Action"). <u>See</u> <u>id.</u> Exs. F, G.[3] On March 11, 2015, Judge Paul Innes entered a default judgment of foreclosure against Plaintiff in the Foreclosure Action. <u>See</u> <u>id.</u> Exs. G, H.

Plaintiff filed a Complaint in the instant action on February 4, 2015, asserting thirteen counts against Defendants: Declaratory Relief (Count One); Injunctive Relief (Count Two); Quiet Title (Count Three); Negligence Per Se (Count Four); Accounting (Count Five); Breach of the Covenant of Good Faith and Fair Dealing (Count Six); Breach of Fiduciary Duty (Count Seven); Wrongful Foreclosure (Count Eight); Violation of the Real Estate Settlement Procedure Act ("RESPA") (Count Nine); Violation of the Home Ownership Equity Protection Act ("HOEPA") (Count Ten); Fraud in the Concealment (Count Eleven); Intentional Infliction of Emotional Distress (Count Twelve); and Slander of Title (Count Thirteen). Compl., ¶¶ 151–273. On June 2,

---

even where the complaint does not cite or "explicitly rely[]" on it; "[r]ather, the essential requirement is that the plaintiff's claim be "based on that document." <u>Brusco v. Harleysville Ins. Co.</u>, No. CIV.A. 14-914 JEI/JS, 2014 WL 2916716, at *5 (D.N.J. June 26, 2014) (quoting <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1426 (3d Cir. 1997)). As discussed below, Plaintiff's claims are based on the Mortgage and its assignments, which Defendants attach as Exhibits B through E in support of their motion. As Plaintiff does not contest their authenticity, the Court will consider these documents,

    [3] This Court may consider the record of the Foreclosure Action, attached to Defendants' motion at Exhibits F through H, because it is a public record and Plaintiff does not appear to dispute its authenticity. <u>See</u> <u>Pension Benefit Guar. Corp</u>, 998 F.2d at 1196.

2015, Defendants moved to dismiss Plaintiff's Complaint in this action. See ECF No. 12.

In her opposition to Defendants' motion, Plaintiff withdrew Counts Nine, Ten, and Twelve,[4] and asked for leave to amend her complaint. See ECF No. 13 at 4–5, 8. On January 28, 2016, this Court granted Plaintiff thirty days to amend her complaint. ECF No. 20. As Plaintiff failed to do so, Defendants' motion to dismiss is once again before this Court.

## III.   LEGAL STANDARD

### A.   Dismissal Pursuant to Federal Rule of Civil Procedure Rule 12(b)(6)

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. City of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Furthermore, "[a] pleading that offers labels and conclusions . . . will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal citations omitted).

### B.   Liberal Pleading Standard for Pro Se Litigants

A pro se litigant's complaint is held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Courts have a duty to

---

[4] Specifically, Plaintiff stated she will withdraw her claim under "REPA," which the Court takes to refer to Count Nine. See ECF No. 13 at 5. Plaintiff also stated she was withdrawing her claim under "TILA," but asserted no such cause of action in her Complaint.

3

construe pleadings liberally and apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name. Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013); Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003); Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002). A pro se complaint "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines, 404 U.S. at 520-21); Bacon v. Minner, 229 F. App'x 96, 100 (3d Cir. 2007).

## IV.   DISCUSSION

Relying on a purported "certified, forensic audit," Plaintiff contends Defendants lacked standing to foreclose on the Mortgage. Compl. ¶¶ 33, 38, 134–150. Defendants contend the doctrines of res judicata, Rooker-Feldman, and entire controversy bar Plaintiff's claims. Defendants further argue Plaintiff's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim upon which relief can be granted. For the reasons set forth below, Defendants' motion is granted.

### A. Res Judicata Bars Plaintiff's Claims

The doctrine of res judicata bars "relitigation of claims or issues that have already been adjudicated." Velasquez v. Franz, 123 N.J. 498, 505 (1991). Res judicata applies when there has been "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Morgan v. Covington Tp., 648 F.3d 172, 177 (3d Cir. 2011) (citations omitted). The doctrine "bars not only claims that were brought in a previous action, but also claims that could have been brought." In re Mullarkey, 536 F.3d at 225.

Res judicata precludes all of Plaintiff's claims against Deutsche Bank. First, the March 11,

4

2015 judgment in the Foreclosure Action was a final judgment on the merits. <u>See</u> Chirch Cert. Ex. H.[5] Second, Defendant Deutsche Bank was the plaintiff in the Foreclosure Action. <u>See</u> <u>id.</u> Third, this suit is based on the same cause of action that was at issue in the Foreclosure Action, specifically the foreclosure of Plaintiff's Mortgage. <u>See</u> Perino v. Fed. Nat. Mortgage Ass'n, No. 2:15-CV-01063 SDW, 2015 WL 4743950, at *3 (D.N.J. Aug. 11, 2015) (finding the plaintiff's suit, which alleged claims identical to those Plaintiff asserts here, was based on the same cause of action at issue in a prior foreclosure action). Accordingly, Plaintiff may not proceed on her claims against Deutsche Bank. <u>See</u> <u>id.</u>

Additionally, "[r]es judicata will apply if a party in the second action is in privity with a party in the first action." <u>Brookshire Equities, LLC v. Montaquiza</u>, 346 N.J. Super. 310, 319 (Super. Ct. App. Div. 2002). By virtue of the assignor-assignee relationship, MERS is in privity with Deutsche Bank,[6] and the doctrine of res judicata will bar Plaintiff's claims against MERS.[7] In the interest of completeness, the Court will analyze Plaintiff's claims against MERS pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[5] "In New Jersey, 'a default judgment is a valid and final adjudication on the merits and therefore has <u>res judicata</u> effect barring future litigation.'" <u>Garris-Bey v. Aurora Loan Servs., LLC</u>, No. CIV.A. 11-6115 JLL, 2012 WL 694719, at *2 (D.N.J. Mar. 1, 2012) (quoting <u>Evangelical Baptist Church v. Chambers</u>, 96 N.J. Super. 367, 370–71 (N.J. Ch. Div. 1967)).

[6] <u>See</u> <u>Brookshire Equities, LLC</u>, 346 N.J. Super. at 319 ("An assignee of a right will be considered to be in privity with its assignor."); <u>Lewis v. Citibank, N.A.</u>, No. 16-2607, 2016 U.S. Dist. LEXIS 117993, at *9 (E.D. Pa. Aug. 31, 2016) (finding in a foreclosure action, "defendants Citi and MERS are in privity with Wilmington Trust as previous nominees, mortgagees, or assignees to the mortgage in question"). <u>Cf.</u> <u>Taylor v. Sturgell</u>, 553 U.S. 880, 894 (2008) (explaining in dicta, "nonparty preclusion may be justified based on a variety of pre-existing 'substantive legal relationship[s]' between the person to be bound and a party to the judgment. Qualifying relationships include, but are not limited to, preceding and succeeding owners of property, bailee and bailor, and *assignee and assignor*.") (emphasis added) (citations omitted).

[7] Defendants also argue Plaintiff's claims should be dismissed pursuant to the <u>Rooker-Feldman</u> and entire controversy doctrines. <u>See</u> ECF No. 12 at 5, 11. Because Plaintiff's claims are barred by res judicata, the Court need not reach these arguments.

### B. Plaintiff Fails to State a Claim for Relief Against MERS

For the reasons set forth below, the Court finds Plaintiff fails to state a cognizable claim against MERS.  First, as Plaintiff claims MERS sold her Mortgage and MERS was not a party to the Foreclosure Action, it does not appear there is an immediate controversy between the parties warranting declaratory judgement (Count One).  See Zimmerman v. HBO Affiliate Grp., 834 F.2d 1163, 1170 (3d Cir. 1987) ("There must be a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant issuance of a declaratory judgment.").  Accordingly, Count One fails to state a claim for relief.

Second, the Court finds no basis on which to grant Plaintiff's request for injunctive relief (Count Two).  Injunctive relief is "an extraordinary remedy . . . which should be granted only in limited circumstances."  Empire United Lines v. Baltic Auto Shipping, Inc., 2015 WL 337655, at *1 (D.N.J. Jan. 23, 2015) (quoting AT&T v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1426-27 (3d Cir. 1994)).  For a court to grant injunctive relief, a party must show: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief."  Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004).  Plaintiff alleges MERS sold the Mortgage and does not allege MERS has any further interest in the property.  Thus, Plaintiff fails to provide a basis for injunctive relief against MERS.  Moreover, Plaintiff fails to demonstrate, at a minimum, a likelihood of success on the merits, as Plaintiff does not appear to dispute that she defaulted on her loan payments and that a foreclosure judgment has been entered against her.  See Coleman v. Deutsche Bank Nat. Trust Co., No. CIV.A. 15-1080 JLL, 2015 WL 2226022, at *4 (D.N.J. May 12, 2015) (dismissing claim for injunctive relief where the plaintiff did not allege facts to dispute that he defaulted on mortgage payments).

Third, Plaintiff's quiet-title claim (Count Three) is based on nothing more than conclusory allegations disputing the validity of the assignment of the Mortgage. This is insufficient to establish a claim for quiet title. See id.; Schiano v. MBNA, No. 05–1771 JLL, 2013 WL 2452681, at *26 (D.N.J. Feb. 11, 2013); English v. Federal Nat. Mortg. Ass'n, No. 13–2028, 2013 WL 6188572, at *2–4 (D.N.J. Nov. 26, 2013).

Fourth, the economic loss doctrine bars Plaintiff's tort-based claims for negligence per se (Count Four), breach of covenant of good faith and fair dealing (Count Six), breach of fiduciary duty (Count Seven), and slander of title (Count Thirteen). The economic loss doctrine "prohibits plaintiffs from recovering in tort economic losses to which their entitlement only flows from a contract." Werwinksi v. Ford Motor Co., 286 F.3d 661, 671 (3d Cir. 2002) (citations omitted). Here, the forgoing claims arise solely from the Mortgage loan contract and, accordingly, must be dismissed. See Coleman, 2015 WL 2226022 at *4 (dismissing the plaintiff's claims for negligence per se, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, and slander of title where those claims were based on a contract for a mortgage loan).

Fifth, Plaintiff fails to state a claim for an accounting (Count Five) and wrongful foreclosure (Count Eight). Plaintiff has not cited – and the Court cannot find – any statute or case law that supports an independent cause of action for "accounting" or "wrongful disclosure." See Monclova v. U.S. Bank N.A., No. 15-7383, 2016 U.S. Dist. LEXIS 106127, at *8-9 (D.N.J. Aug. 11, 2016); Coleman, 2015 WL 2226022, at *5. Plaintiff further fails to identify a contractual or statutory provision that entitles her to relief from Defendants or provides her with a remedy of an accounting. See Coleman, 2015 WL 2226022 at *5 (dismissing claim for an accounting). Moreover, as Plaintiff alleges MERS sold the Mortgage and it appears MERS was not a party to the Foreclosure Action, Plaintiff fails to set forth facts indicating MERS foreclosed on Plaintiff's

7

Mortgage, let alone that such foreclosure was "wrongful." Accordingly, Counts Five and Eight fail to state a claim for relief.

Sixth, Plaintiff fails to state a claim for fraud in the concealment (Count Eleven). Plaintiff appears to allege Defendants committed fraud by concealing the fact that Plaintiff's Mortgage would be sold as a security. Plaintiff, however, does not have standing to contest the assignment of her Mortgage because she was not a party to or third-party beneficiary of those assignments. See, e.g., Gilarmo v. U.S. Bank NA ex rel. CSAB Mortgage Backed Trust 2006-1, 643 F. App'x 97, 100 (3d Cir. 2016) (agreeing with the "overwhelming majority of courts" that "a borrower in default has no standing to challenge an assignment" of her mortgage if she was neither a party to nor third-party beneficiary of the assignment). Accordingly, Count Eleven fails to state a claim for relief.

## V.   CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is granted. To the extent the pleading deficiencies can be cured by way of amendment, Plaintiff is hereby granted thirty (30) days to file an amended pleading. Should Plaintiff fail to do so, Plaintiff's Complaint as to Defendants Deutsche Bank and MERS will be dismissed with prejudice. An appropriate Order accompanies this Opinion.

Date: October 26, 2016

_____

**CLAIRE C. CECCHI, U.S.D.J.**